# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Brandon J. Orr et al.,

    Plaintiffs

v.

Michelle Freeman, et al.,

    Defendants

Case No.: 2:19-cv-01012-JAD-CWH

**Order Dismissing Action**

Plaintiffs Brandon J. Orr and Jancie Perry bring this civil-rights case under § 1983.[1] On June 18, 2019, the magistrate judge denied Orr's application to proceed *in forma pauperis* without prejudice because the application was incomplete and gave him and Perry 30 days to each file a fully completed application or pay the $400 filing fee.[2] The court expressly warned them that their failure to file the completed applications or pay the filing fee, return a complaint with both of their signatures, and file an updated address for Perry by that deadline would result in the dismissal of this case.[3] The deadline has passed, and neither Orr nor Perry has responded.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 3 (order).

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to

1

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Orr and Perry were warned that their case would be dismissed if they failed to file fully completed applications or pay the $400 filing fee, return a complaint with both of their signatures, and update Perry's mailing address.[9] So, they had adequate warning that their failure to pay the fee or submit completed applications, sign the complaint, and update Perry's address would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Orr and Perry's failure to file fully completed applications or pay the $400

---

keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 3 (order).

2

filing fee, sign the complaint, and update Perry's address in compliance with this Court's June 18, 2019, order; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

DATED: August 7, 2019

_____
U.S. District Judge Jennifer A. Dorsey